ACCEPTED
04-15-00525-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/17/2015 4:30:07 PM
KEITH HOTTLE
CLERK

## CASE NO. 04-15-00525-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/17/2015 4:30:07 PM
KEITH E. HOTTLE
Clerk

**IN THE
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS**

### AMF BOWLING CENTERS, INC.
*Appellant*

v.

### RIO VENTURES, LTD., AND RIO CLUB, LLC,
*Appellees*

**Appeal from Cause No. 2015cv03002
In the County Court at Law No. 10 Bexar County, Texas
Honorable Jason Wolff, Presiding**

## APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO STRIKE APPELLANT'S BRIEF

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW Appellant AMF Bowling Centers, Inc. ("Appellant"), and files its Response to Appellees' Motion to Strike Appellant's Brief. Appellee's motion is unsupported by the Rules and case law and should accordingly be overruled in all respects.

1

2165737v.1

As indicated in its Motion for Extension of Time to File Appellant's Brief filed on December 8, 2015: (1) Appellant believes in good faith that it timely filed its brief; (2) should this Court disagree, however, Appellant sought an extension until December 2, 2015, to file its opening brief; (3) Appellant in fact filed its brief on December 2nd; and (4) the requested extension is only two days. Appellant provided sound reasons for the extension. Thus, Appellant would ask that this Court grant the requested two-day extension, which would also in turn render Appellee's motion to strike moot.

Under Texas Rule of Appellate Procedure 38.6(d) a motion to extend the time to file a brief "may be filed before or after the date the brief is due." Thus, Appellant filed its motion to extend timely as expressly provided by the Rules.

Additionally, granting Appellee's motion to strike would be improper under Texas Rule of Appellate Procedure 38.8(a). Rule 38.8(a)(1) only authorizes dismissing an appeal for failure to timely file an appellant's brief when: (1) an appellant fails to reasonably explain the failure to file timely and (2) the appellee is significantly injured by the failure to timely file. In this case, Appellee's motion fails under both prongs of this test. As set forth in its Motion to Extend, Appellant has provided a reasonable explanation for the purported two-day delay. Thus, Appellant has met its burden under Rule 38.8. Appellant, on the other hand, has

2

failed to meet its stringent burden to establish a <u>significant injury</u> as a result of the alleged two-day delay. Indeed, Appellee altogether ignores its obligation to demonstrate significant injury from a mere two-day delay. At the risk of stating the obvious, Appellee could not possibly have suffered any injury, much less a significant injury, over a mere two days.

Finally, case law demonstrates that the draconian result of dismissing an appeal is strictly reserved for only truly exceptional cases. *See, e.g., Avni v. Newman*, 2014 WL 890925 (Tex. App.—Houston [1st Dist.] 2014) (after receiving notice from the Court that the appeal was subject to dismissal for failure to file a brief, appellant still failed to file a brief and failed to file a proper motion to extend); *Joyner v. Eastridge,* 2008 WL 163557 (Tex. App.—Fort Worth 2008) (appellant failed to file brief or motion after receiving notice from the Court that the brief was late and that it would dismiss the appeal if appellant failed to show grounds for continuing the appeal); *Liberty Mut. Ins. Co. v. Hodges*, 2003 WL 21299637 (Tex. App.—Waco 2003) (same). The common thread in all such cases is: (1) notice from the Court that the appeal was subject to dismissal and (2) the failure of the appellant in those cases to file a brief or a proper motion. Neither one of these situations exist in the case before this Court.

3

Rule 38.8(2) expressly authorizes this Court to "decline to dismiss the appeal and give further direction to the case as it considers proper." Declining to dismiss the appeal under Rule 38.8(2) is warranted by the circumstances here. Appellant has filed its brief and believed in good faith that it had done so timely. Accordingly, Appellant respectfully urges the Court to decline to dismiss this appeal, overrule Appellee's motion, and grant Appellant's motion to extend time to file its brief.

**WHEREFORE, PREMISES CONSIDERED**, Appellant AMF Bowling Centers, Inc. respectfully requests that the Court overrule Appellee's Motion to Strike, extend the time for it to file its Appellant's Brief two days until December 2, 2015, and grant Appellant such other and further relief as to which it may be entitled.

2165737v.1

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

/s/ *Lee L. Cameron Jr.*
Lee L. Cameron, Jr.
State Bar No. 03675380
lee.cameronjr@wilsonelser.com
Leonard E. Hoffman, III
State Bar No. 09789700
Leonard.Hoffman@wilsonelser.com
Kristina M. Oropeza
State Bar No. 24037353
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000
(214) 698-1101 (*facsimile*)

**ATTORNEYS FOR APPELLANT
AMF BOWLING CENTERS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2015, a true and correct copy of this Motion was forwarded to Appellees' counsel of record.

/s/ *Lee L. Cameron Jr.*
Lee L. Cameron, Jr.

2165737v.1